Robert J, Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Attorneys for Plaintiff,
IN-N-OUT BURGERS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN-N-OUT BURGERS, a California corporation,** | ) CASE NO. |
| | ) |
| **Plaintiff,** | ) **COMPLAINT FOR INJUNCTIVE RELIEF:** |
| **vs.** | ) |
| **Major S. Bains dba IN N OUT SMOG; DOES 1-9, inclusive,** | ) **(1)   Federal Dilution;** |
| | ) **(2)   Federal Trademark Infringement;** |
| | ) **(3)   State Law Dilution; and,** |
| **Defendants.** | ) **(4)   State Law Unfair Competition** |
| | ) |
| | ) **Demand For Jury Trial** |
| | ) |
| | ) |

For its Complaint, Plaintiff IN-N-OUT BURGERS ("In-N-Out") alleges:

1.      This is an action under the Trademark Laws of the United States, Title 15 U.S.C. §1051, et seq., for dilution and trademark infringement pursuant to §§34, 35, 43(c) of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. §§1114-1117, 1125(c).   In addition, this is an action for dilution and unfair competition in violation of the laws of the State of California.

<u>The Parties</u>

2.    In-N-Out is a corporation duly organized under the laws of the State of California, having offices at 4199 Campus Drive, 9th Floor, Irvine, California.

3.    Upon information and belief, Defendant Major S. Bains ("Bains") is owning, operating and/or controlling the businesses known as IN N OUT SMOG, located at 6421 Watt Avenue, North Highlands, CA   90019, www. innoutsmog.com, tel. (916) 334-7664, is an individual residing and doing business in this judicial district, and is personally involved in and directing the unlawful activities alleged herein.

4.    The true names and capacities of Defendants DOES 1-9 inclusive, are unknown to IN-N-OUT, who therefore sues them by such fictitious names. IN-N-OUT will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  IN-N-OUT is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that IN-N-OUT's damages as herein alleged were proximately caused by those Defendants.  At all times herein mentioned, Defendants DOES 1-9 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

<u>Jurisdiction and Venue</u>

5.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1338(a) as a federal question pertaining to trademarks. This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367(a).

COMPLAINT FOR INJUNCTIVE RELIEF

6.    Venue is proper in this judicial district as Defendants reside here, having committed acts of infringement and/or have regular and established place of business and thus subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. § 1391(b) and (c).

<u>Background Facts</u>

7.    In-N-Out has been engaged in providing fast food-related goods and services and in other businesses since 1948, and currently has over 230 restaurant locations in California, Arizona, Nevada and Utah.

8.    Since long prior to the acts of Defendants herein alleged, In-N-Out has continuously used its IN-N-OUT word mark in interstate and intrastate commerce in connection with its advertising, promotion, offering to provide, and providing of its products.

9.    In-N-Out has offered its products under its mark, the mark having continuously appeared on In-N-Out's signage and in substantial advertising and promotion activities.  In-N-Out has extensively used and promoted the mark and it continues to do so, such that the mark is closely identified with the goods and services of In-N-Out and has gained widespread public recognition.

10.    Plaintiff is the owner of numerous federal registrations of variations of its IN-N-OUT mark, including U.S. Registration Nos. 1,085,163, 2,026,720, 1,780,587, 3,367,471, 930,203, 2,217,307, 2,285,823, 2,035,491 ("registered marks"). See information attached at Exhibits A-H.

11.    These registered marks of In-N-Out are valid and subsisting, and are prima facie evidence of In-N-Out's exclusive right to use said marks and colorable

imitations in commerce throughout the United States on the goods and services specified in said registrations and other goods and services related thereto.

12.    As a result of the care and skill exercised by In-N-Out in the conducting of its business, the high quality of In-N-Out's products offered under its marks, and the extensive advertising, sale and promotion of In-N-Out's products bearing the same, the marks have acquired strong secondary meaning.

13.    The trade has used and now uses the marks to identify In-N-Out's popular products as those of In-N-Out exclusively, and to distinguish them from the products of others. The distinctive marks have acquired outstanding fame and notoriety symbolizing the goodwill which In-N-Out has created by its offering of its products.

14.    Given the drive-through nature of In-N-Out's restaurants typically located near freeways or other major highways, and the company's long involvement in auto racing, the IN-N-OUT mark is closely tied to the California car culture.  Exemplary of In-N-Out's marks being promoted in that fashion are its location guides referenced in attached Exhibit I.  Additionally, its collector t-shirts as shown in Exhibit J generally include depictions of automotive vehicles.

15.    Recently In-N-Out became aware of Defendants' use of the essentially identical term IN N OUT in their signage and advertising in this judicial district. See Exhibits K-N, photographs of In N Out Smog signage and copies of Internet advertising and coupons in use at this business.

16.    Defendant Bains also filed fictitious business name statement no. 0809042 to do business as IN N OUT SMOG with the Sacramento County Recorder on or about August 27, 2008.  See Exhibit O.

17.    Defendants using of In-N-Out's mark will diminish and lessen the distinctive ability of In-N-Out's mark.  Further, the use by Defendants of In-N-Out's mark is likely to cause confusion, mistake or deception, as those encountering Defendants' advertising may mistakenly assume, at least initially, that their business is in some way sponsored, endorsed, approved by or connected with In-N-Out when in fact it is not.

18.    Upon information and belief, Defendants have performed the aforesaid acts with fraudulent purpose and knowledge to inappropriately trade upon In-N-Out's extensive goodwill including using In-N-Out's mark to draw attention to their advertising and business.

19.    Plaintiff's counsel directed letters to Defendants and had discussions by telephone with Defendants' attorney but no satisfactory resolution was reached.

20.    In-N-Out's marks are wholly associated with In-N-Out due to their long use thereof, and as such In-N-Out is deserving of having its marks adequately protected with respect to the conducting of its business.

Count I

Dilution Under Federal Law

(Against All Defendants)

21.    In-N-Out repeats and alleges each and every allegation contained in paragraphs 1-20 of this Complaint and incorporates them herein.

22.    By the aforesaid acts, Defendants have commercially used In-N-Out's famous mark as described by its trademark registrations, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

23.    Defendants' acts have been willful and in conscious disregard of In-N-Out's rights.

24.    In-N-Out has suffered, is suffering, and will continue to suffer irreparable injury for which In-N-Out has no adequate remedy at law.

25.    In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendants' further dilution of its marks.

Count II

Trademark Infringement Under Federal Law

(Against All Defendants)

26.    In-N-Out repeats and alleges each and every allegation contained in paragraphs 1-25 of this Complaint and incorporates them herein.

27.    By the aforesaid acts, Defendants have commercially used In-N-Out's distinctive marks as described by its trademark registrations, in violation of Sections 32-35 of the Lanham Act, 15 U.S.C. §§1114-1117.

28.    In-N-Out has suffered, is suffering, and will continue to suffer irreparable harm and injury for which In-N-Out has no adequate remedy at law.

29.    In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendants' further infringement of its marks.

Count III

Dilution Under California Law

<u>(Against All Defendants)</u>

30.    In-N-Out repeats and alleges each and every allegation contained in paragraphs 1-29 of this Complaint and incorporates them herein.

31.    Although the parties may not be direct competitors, Defendants' aforesaid acts tend to dilute the distinctive quality of In-N-Out's marks, in violation of Cal. Bus. & Prof. Code Sec. 14330.

32.    In-N-Out has suffered, is suffering, and will continue to suffer irreparable harm and injury for which In-N-Out has no adequate remedy at law.

33.    In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendants' further dilution of its marks.

/ / /

/ / /

/ / /

Count IV

Unfair Competition Under California Law

<u>(Against All Defendants)</u>

34.    In-N-Out repeats and alleges each and every allegation contained in paragraphs 1-33 of this Complaint and incorporates them herein.

35.    Defendants' knowingly made false representations as to affiliation, connection and/or association with Plaintiff by using marks identical and/or confusingly similar to Plaintiff's trademarks, and otherwise engaged in deceptive and unlawful trade practices in violation of Cal. Bus. & Prof. Code Sec. 17200 et seq.

36.    In-N-Out has suffered, is suffering, and will continue to suffer irreparable harm and injury for which In-N-Out has no adequate remedy at law.

37.    In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendants' further unfair competition.

WHEREFORE, In-N-Out prays for judgment against Bains:

     1.  that Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them be preliminarily and thereafter permanently enjoined:

     (a)    from using, in connection with their business affairs any of In-N-Out's registered marks or colorable imitations thereof;

     (b)    from using the term "IN N OUT" in any graphic display or print advertising of any kind; and,

1    (c)    from operating any business without a required license under an

2    "IN N OUT" derivative trade name;

3    2.    that this is an exceptional case; and,

4    3.    that Defendants pay to Plaintiff all reasonable attorneys' fees

5    and costs of this action.

6

7                    Respectfully submitted,

8                    LAUSON & TARVER LLP

9

10   Dated:  Sep. 9, 2009              By:_____/s/_____

11                                     Robert J. Lauson, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims asserted.

Respectfully submitted,

LAUSON & TARVER LLP

Dated:  Sep. 9, 2009                                    By:_____/s/_____

Robert J. Lauson, Esq.

COMPLAINT FOR INJUNCTIVE RELIEF