Gaurav B. Kalra (Bar No. 219483)
VEDA COUNSEL, ATTORNEYS AT LAW
770 L Street, Suite 950
Sacramento, CA 95814
Telephone: (916) 492-6088
Facsimile: (916) 682-1577
gkalra@vedacounsel.com

Attorney for Defendant
Major S. Bains dba IN N OUT SMOG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MAJOR S. BAINS dba IN N OUT SMOG; and DOES 1-9, inclusive,<br><br>Defendants. | CASE NO. 2:09-cv-02528-MCE-EFB<br><br>DEFENDANT MAJOR S. BAINS', DBA IN N OUT SMOG, ANSWER TO COMPLAINT |

Defendant Major S. Bains, dba In N Out Smog ("Bains"), for himself and for no other defendants, hereby answers the Plaintiff's Complaint as follows:

1. In response to Paragraph 1, Bains is without sufficient knowledge or information to form a belief as to the allegations contained in the first sentence of said paragraph that "this is an action under the Trademark Laws of the United States, Title 15 U.S.C. § 1051, et seq., for dilution and trademark infringement pursuant to §§ 34, 35, 43(c) of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. §§ 1114-1117, 1125(c)" and on that basis denies each allegation contained therein. As to sentence two, Bains is without sufficient knowledge or information to form a belief as to the allegations contained in sentence two that "in addition, this

is an action for dilution and unfair competition in violation of the laws of the State of California" and on that basis denies each allegation contained therein.

### The Parties

2.  Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 and on that basis denies each allegation contained therein.

3.  Bains admits that he owns, operates and/or controls the business knows as In N Out Smog, located at 6421 Watt Avenue, North Highlands, CA 90019, www.innoutsmog.com, tel. (916) 334-7664. Bains further admits that he is an individual residing and doing business in this judicial district. Bains denies, however, that he "is personally involved in and directing the unlawful activity alleged herein."

4.  Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in sentences 1, 2, 3, and 4 of Paragraph 4 and on that basis denies each allegation contained therein.

### Jurisdiction and Venue

5.  Bains admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1338(a) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6.  As to the first sentence of Paragraph 6, Bains admits that venue is proper in this judicial district as Bains resides here and has a regular and established place of business and is thus subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. § 1391(b) and (c), but denies that he has committed acts of infringement.

### Background Facts

7.  Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 7 and on that basis denies each allegation contained therein.

8. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 and on that basis denies each allegation contained therein.

9. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained sentences 1 and 2 in Paragraph 9 and on that basis denies each allegation contained therein.

10. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in sentence 1 of Paragraph 10 and on that basis denies each allegation contained therein. Bains admits, however, that Exhibits A-H are computer print-outs from the Trademark Electronic Search System. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the information contained within these exhibits and on that basis denies each allegation contained in the first sentence of Paragraph 10 relating to Exhibits A-H.

11. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 and on that basis denies each allegation contained therein.

12. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 and on that basis denies each allegation contained therein.

13. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in sentences 1 and 2 of Paragraph 13 and on that basis denies each allegation contained therein.

14. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the allegations contained in sentence 1 of Paragraph 14 and on that basis denies each allegation contained therein. With regard to sentence 2 of Paragraph 14, Bains

admits that Exhibit I is a computer print-out of what appears to be an advertisement for a location guide. Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the remaining allegations contained in sentence 2 of Paragraph 14 and on that basis denies each allegation contained therein. Regarding sentence 3 of Paragraph 14, Bains admits that Exhibit J appears to be a computer printout from IN-N-OUT BURGER's website for "Collector Shirts Department." Bains does not possess nor does he have sufficient knowledge or information to form a belief as to the remaining allegations contained in sentence 3 of Paragraph 14 and on that basis denies each allegation contained therein.

15.     Regarding sentence 1 of Paragraph 15, Bains does not possess nor does he have sufficient knowledge or information to form a belief that "recently In-N-Out became aware of Defendants' use of the essentially identical term IN N OUT in their signage and advertising in this judicial district" and therefore denies each allegation contained in that sentence on that basis. Bains denies with specificity, however, that the term IN N OUT in Bains' signage is an "essentially identical term" to Plaintiff. Bains admits that Exhibits K and L are pictures taken of IN N OUT SMOG locations, and that Exhibits M and N are print-outs from the IN N OUT SMOG website.

16.     Bains admits the first sentence in Paragraph 16 and admits that Exhibit O appears to be a print-out showing that Bains registered IN N OUT SMOG as a fictitious business name.

17.     Bains denies both sentence 1 and 2 and Paragraph 17.

18.     Bains does not possess nor does he have sufficient knowledge or information to form a belief as to Plaintiff's "information and belief," but Bains denies that he has performed any acts whatsoever with fraudulent purpose and knowledge. Further, Bains denies that he inappropriately traded upon In-N-Out's extensive goodwill. Finally, Bains denies that he used In-N-Out's mark to draw attention to his advertising and business.

Answer of Defendant Major S. Bains dba In N Out Smog

19. Bains admits Paragraph 19.

20. Bains denies that In-N-Out's marks are wholly associated with In-N-Out due to their long use thereof. Bains further denies that In-N-Out is deserving of having its marks adequately protected with respect to the conducting of its business.

## Count I

### Dilution Under Federal Law

### (Against All Defendants)

21. Bains reasserts all admissions and denials set forth in Paragraphs 1 through 20 above and incorporates them herein.

22. Bains denies all allegations contained in Paragraph 22.

23. Bains denies all allegations contained in Paragraph 23.

24. Bains denies all allegations contained in Paragraph 24.

25. Bains denies all allegations contained in Paragraph 25.

## Count II

### Trademark Infringement Under Federal Law

### (Against All Defendants)

26. Bains reasserts all admissions and denials set forth in Paragraphs 1 through 25 above and incorporates them herein.

27. Bains denies all allegations contained in Paragraph 27.

28. Bains denies all allegations contained in Paragraph 28.

29. Bains denies all allegations contained in Paragraph 29.

///

///

///

Answer of Defendant Major S. Bains dba In N Out Smog

Count III

Dilution Under California Law

(Against All Defendants)

30. Bains reasserts all admissions and denials set forth in Paragraphs 1 through 29 above and incorporates them herein.

31. Bains denies all allegations contained in Paragraph 31.

32. Bains denies all allegations contained in Paragraph 32.

33. Bains denies all allegations contained in Paragraph 33.

Count IV

Unfair Competition Under California Law

(Against All Defendants)

34. Bains reasserts all admissions and denials set forth in Paragraphs 1 through 33 above and incorporates them herein.

35. Bains denies all allegations contained in Paragraph 35.

36. Bains denies all allegations contained in Paragraph 36.

37. Bains denies all allegations contained in Paragraph 37.

First Affirmative Defense

(Failure to State a Claim for Relief)

Plaintiff's Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

Second Affirmative Defense

(Laches)

Plaintiff's Complaint and each claim therein are barred by the doctrine of laches.

///

Answer of Defendant Major S. Bains dba In N Out Smog

### Third Affirmative Defense

### (Estoppel)

Plaintiff is estopped from seeking equitable relief from the Court and from seeking damages from Bains.

### Fourth Affirmative Defense

### (Good Faith)

The Defendant acted in a manner that was proper, reasonable and in the exercise of good faith.

### Fifth Affirmative Defense

### (No Loss or Damages)

Plaintiff suffered no losses or damages by reason of any purported acts or omissions by Defendant.

### Sixth Affirmative Defense

### (Undue Burden)

The modifications and/or injunctions sought by Plaintiff would result in undue burden to Defendant.

### Seventh Affirmative Defense

### (Undue Hardship)

The modifications and/or injunctions sought by Plaintiff would result in undue hardship to Defendant.

### Eight Affirmative Defense

### (Failure to Exhaust Remedies)

Plaintiff has failed to exhaust appropriate state and federal remedies.

///

## Ninth Affirmative Defense

### (Plaintiff's Attorneys' Fees Not Proper)

Defendant alleges, upon information and belief, that Plaintiff is barred from recovery of attorneys' fees as they are not a proper form of relief in this action, since Plaintiff is not acting in the interests of, or on behalf of, the general public or any sector thereof, or a public interest group or any sector thereof.

## Tenth Affirmative Defense

### (Other Applicable Defenses)

Defendant has insufficient knowledge or information on which to form a belief as to whether he has any additional, as yet unstated, defenses available, and therefore, reserves his rights to assert additional defenses as the factual basis for them become known.

WHEREFORE, Defendant Major S. Bains prays as follows:

1. Plaintiff takes nothing by reason of its Complaint;

2. Judgment be rendered in favor of Defendant Major S. Bains;

3. Defendant Major S. Bains be awarded his costs of suit incurred in defense of this action;

4. Defendant Major S. Bains be awarded reasonable attorney fees pursuant to California Civil Code § 55;

5. Defendant Major S. Bains be awarded reasonable attorney fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205; and

6. For such other relief as the Court deems proper.

///

///

///

| | | |
|---|---|---|
| 1 | DATED: October 7, 2009 | Respectfully submitted |
| 2 | | VEDA COUNSEL |

By _____
Gaurav B. Kalra
Attorney for Defendant
Major S. Bains dba IN N OUT SMOG

Answer of Defendant Major S. Bains dba In N Out Smog

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 770 L Street, Suite 950, Sacramento, California 95814.

On October 7, 2009, I served true copies of the following document(s) described as **ANSWER OF DEFENDANT MAJOR S. BAINS dba IN N OUT SMOG** on the parties in this action as follows:

    Robert J. Lauson, Esq.
    LAUSON & TARVER LLP
    880 Apollo Street, Suite 301
    El Segundo, CA 90245
    Phone: (310) 726-0892
    Fax: (310) 726-0893
    bob@lauson.com
    Attorney for Plaintiff

**BY MAIL,** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Sacramento, California. The envelope was mailed with postage thereon fully prepaid.

Executed on October 7, 2009, at Sacramento, California.

                                            Gaurav B. Kalra

Answer of Defendant Major S. Bains dba In N Out Smog